PER CURIAM.
We have for consideration the quadrennial report of The Florida Bar Small Claims Rules Committee (“Committee”) proposing rule changes in accordance with Florida Rule of Judicial Administration 2.130(c)(8). We have jurisdiction. See art. V, § 2(a), Fla. Const.
Pursuant to Florida Rule of Judicial Administration 2.130(c)(2), the Committee’s proposed changes were submitted to the Board of Governors of The Florida Bar, and the Board recommended acceptance of the Committee’s proposed changes. The Committee’s proposals were subsequently published pursuant to Florida Rule of Judicial Administration 2.130(c)(4), and we have received many helpful comments regarding the Committee’s proposals.
MAJOR PROPOSED CHANGE
The major substantive change proposed by the Committee was the adoption of a simplified answer system which would require small claims defendants to file an answer form following receipt of a statement of claim.[1] Presently, there is no requirement that defendants file an answer, and the parties are required to attend a pretrial conference with the trial judge following the service of a notice to appear. The Committee’s proposal was prompted by a concern that in certain instances, such as a default, parties were required to appear in court unnecessarily. The Committee also seeks to assist small claims judges in managing their pretrial dockets by providing a mechanism for determining whether a case was contested prior to pretrial. While we applaud the Committee’s initiative in seeking to alleviate court congestion and unnecessary court appearances in the instant proposal, we decline to adopt the Committee’s simplified answer system, as proposed, at this time.
*402 We have received comments in opposition to this proposed change from many interested parties, including county court judges and Florida Legal Services, and we agree with many of the reservations raised by these commentators. In addition, Judge Drayton-Harris, the Fourth Judicial Circuit’s representative to the Florida Conference of County Court Judges, indicated at oral argument that the Conference 'had considered and now opposed the simplified answer system as it is presently proposed.
However, we also believe that the Committee’s concerns are valid, and deserve further attention and consideration. It is apparent that the Committee and the many commentators have the same goals in mind: a system that is open and helpful to those that appear in small claims court, many of whom appear’ pro se and are unfamiliar with legal proceedings; and a system that is efficient and not wasteful of court resources and people’s time. We believe small claims court can be both efficient and fair, and we will be open to consideration of the issue highlighted to us by the Committee in the future. We encourage further evaluation of this issue by those interested and affected parties[2] through the committee process, and direct the Committee to readdress the issue after seeking the widest possible input from those affected, and especially the county judges.
With the exception of the proposed amendments which would have implemented the simplified answer system, we adopt the remainder of the Committee’s proposed changes. We also agree with and adopt the proposal of George J.F. Werner to amend Florida Small Claims Rule 7.070. A brief summary of these amendments follows.
Rule 7.070, Method of Service of Process, is amended to provide that attorneys, as well as clerks of court, may effectuate service of process by certified mail. We agree with Mr. Werner that service is being carried out by the United States Postal Service regardless of the identity of the sender, and therefore either attorneys, as officers of the court, or clerks of court should be permitted to send the certified mail.[3]
Rule 7.080, Service of Pleadings and Papers Other than Statement of Claim, is amended to provide that in the event an unrepresented party fails to indicate service on other parties when filing a document with the court, the clerk of court will serve a copy on all parties.
*403 Rule 7.090, Appearance; Defensive Pleadings; Trial Date, is amended to provide that a party need not appear in person at mediation if the party is represented by an attorney or if a nonlawyer representative has signed authority to appear on the party’s behalf. However, when a party is so represented at mediation, the attorney or representative must have full authority to settle without consultation. The rule is also amended to provide that agreements reached in mediation are to be stipulated to in writing, and that the court may enter the stipulation as an order. We also adopt the proposed amendment to this rule which provides that the parties may stipulate to an extension of time for setting the case for trial.
Form 7.345, Stipulation for Installment Settlement and Stay, and Order Approving Stipulation,[4] presently provides that once the parties stipulate to a settlement, the cause is stayed until such time as the installments are paid in full or the stipulation is violated. We amend the form to provide that under these circumstances, the cause be dismissed, but with the caveat that the court retains jurisdiction to enforce the terms of the stipulation.[5]
Accordingly, we amend the Florida Small Claims Rules as reflected in the appendix to this opinion. New language is indicated by underscoring; deleted language is indicated by overstriking. The amendments shall become effective January 1, 2001, at 12:01 a.m.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 7.010. TITLE AND SCOPE
(a) Title. These rules shall be cited as Florida Small Claims Rules and may be abbreviated “Fla. Sm. Cl. R.” These rules shall be construed to implement the simple, speedy, and inexpensive trial of actions at law in county courts.
(b) Scope. These rules are applicable to all actions at law of a civil nature in the county courts in which the demand or value of property involved does not exceed $5,000 exclusive of costs, interest, and attorneys’ feesj. iI f there is a difference between the time period prescribed by these rules and section 51.011, Florida Statutes, the statutory provision shall govern.
Committee Notes
1978 Amendment. The addition to (b) is designed to eliminate confusion caused by denomination of section 51.011, Florida Statutes, as “Summary Procedure.”
RULE 7.020. APPLICABILITY OF RULES OF CIVIL PROCEDURE
(a) Generally. Florida Rules of Civil Procedure 1.090(a), (b), and (c); 1.190(e); 1.210(b); 1.260; 1.410; and 1.560 are applicable in all actions covered by these rules.
(b) Discovery. Any party represented by an attorney is subject to discovery pursuant to Florida Rules of Civil Procedure *404 1.280-1.380 directed at said party, without order of court. If a party proceeding without an attorney directs discovery to a party represented by an attorney, the represented party may also use discovery pursuant to the above-mentioned rules without leave of court. When a party is unrepresented and has not initiated discovery pursuant to Florida Rules of Civil Procedure 1.280-1.380, the opposing party shall not be entitled to initiate such discovery without leave of court. However, the time for such discovery procedures may be prescribed by the court.
(c) Additional Rules. In any particular action, the court may order that action to proceed under 1 or more additional Florida Rules of Civil Procedure on application of any party or the stipulation of all parties or on the court’s own motion.
Committee Notes
1972 Amendment. Subdivision (a) is amended by giving the court authority to apply additional rules of civil procedure in any particular case on the application of a party, stipulation of all parties, or order on the court’s own motion.
1978 Amendment. These proposed amendments would help prevent overreaching and the ability of one party to obtain judgment without giving the court the full opportunity to consider the merits of the case. When attorneys are involved, the rule would preserve the ability of the parties to fully develop their cases.
1996 Amendment. The addition of Fla. R. Civ. P. 1.380 enables the court to issue and impose sanctions for failure to comply with discovery requests.
RULE 7.040. CLERICAL AND ADMINISTRATIVE DUTIES OF CLERK
(a) Generally. The clerk of the circuit court or the clerk of the county court in those counties where such a clerk is provided (hereinafter referred to as the clerk) shall:
(1) maintain a trial calendar. The placing of any action thereon with the date and time of trial is notice to all concerned of the order in which they may expect such action to be called;
(2) maintain a docket book and a judgment book (which may be the same book) in which accurate entries of all actions brought before the court and notations of the proceedings shall be made including the date of. filing; the date of issuance, service, and return of process; the appearance of such parties as may appear; the fact of trial, whether by court or jury; the issuance of execution and to whom issued and the date thereof and return thereon and, when satisfied, a marginal entry of the date thereof; the issuance of a certified copy; a memorandum of the items of costs including witness fees; and the record of the verdict of the jury or finding of the judge, and the judgment, including damages and costs, which judgments may be kept in a separate judgment book; and
(3) maintain an alphabetical index by parties’ names with reference to action and case number.
(b) Minute Book. It shall not be necessary for the clerk to maintain a minute book for small claims.
CourFs Commentary
1972 Amendment. See also rule 7.050(c).
RULE 7.050. COMMENCEMENT OF ACTION; STATEMENT OF CLAIM
(a) Commencement.
(1) Statement of Claim. Actions are commenced by the filing of a statement of claim in concise form, which shall inform the defendant of the basis and the amount of the claim. If the claim is based on a *405 written document, a copy or the material part thereof shall be attached to the statement of claim.
(2) Party Not Represented by Attorney to Sign. A party, individual, or corporation who or which has no attorney handling such cause shall sign that party’s statement of claim or other paper and state that party’s address and telephone number, including area code. However, if the trial court in its discretion determines that the plaintiff is engaged in the business of collecting claims and holds such claim being sued upon by purchase, assignment, or management arrangement in the operation of such business, the court may require that corporation to provide counsel in the prosecution of the cause. A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized by an officer of the corporation.
(b) Parties. The names, addresses, and telephone numbers, including area code, of all parties or their attorneys, if any, must be stated on the statement of claim. Additionally, attorneys shall include their Florida Bar number on all papers filed with the court.
(c) Clerk’s Duties. The clerk shall assist in the preparation of a statement of claim and other papers to be filed in the action at the request of any litigant. The clerk shall not be required to prepare papers on constructive service, substituted service, proceedings supplementary to execution, or discovery procedures.
(d) Memorandum on Hearing Date. The court shall furnish all parties with a memorandum of the day and hour set for the hearing.
(e) Replevin. In those replevin cases to which these rules are applicable, the clerk of the county court shall set the hearing required by section 78.065(2)(a), Florida Statutes (prejudgment replevin order to show cause hearings) and rule 7.050(d) (pretrial conferences) at the same time.
Committee Notes
1988 Amendment. Subdivision (a)(2): To clarify who may appear and represent a corporation in a small claims case.
Subdivision (b): First sentence is to conform Florida Small Claims Rules with Florida Rules of Judicial Administration 2.060(d) and 2.060(e). Second sentence is to conform to proposed amendment to rules of judicial administration.
Subdivision (e): Require that the order to show cause hearing required in small claims replevin cases and the pretrial conference required by the small claims rules be held at the same time to save time and avoid confusion.
Courts Commentary
1972 Amendment. The statement of claim need not be verified.
Subdivision (c) is amended so as to provide that the clerk shall not be required to prepare papers on substituted service.
RULE 7.060. PROCESS AND VENUE
(a) Summons Required. A summons entitled Notice to Appear stating the time and place of hearing shall be served on the defendant. The summons or notice to appear shall inform the defendant, in a separate paragraph containing bold type, of the defendant’s right of venue. This paragraph on venue shall read:
Right to Venue. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant, have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:
*406 1. Where the contract was entered into.
2. If the suit is on an unsecured promissory note, where the note is signed or where the maker resides.
3. If the suit is to recover property or to foreclose a lien, where the property is located.
4. Where the event giving rise to the suit occurred.
5. Where any one or more of the defendants sued reside.
6. Any location agreed to in a contract.
7. In an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.
If you, as a defendant, believe the plaintiff has not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a written request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff or plaintiffs attorney, if any.
(b) Copy of Claim to Be Served. A copy of the statement of claim shall be served with the summons/notice to appear.
Committee Notes
1988 Amendment. A statement is added to the “right to venue notice” on the summons/notice to appear that proper venue also lies in the county where payment is to be made. This conforms with Florida law.
Clarification has been made that the notice is now known as the summons/notice to appear.
C our Us Commentary
1980 Amendment. If the statutory venue, chapter 47, Florida Statutes, is changed by the legislature, this change should be reflected in the required notice.
RULE 7.070. METHOD OF SERVICE OF PROCESS
Service of process shall be effected as provided by law or as provided by Florida Rules of Civil Procedure 1.070(a)-(h). Constructive service or substituted service of process may be effected as provided by law. Service of process on Florida residents only may also be effected by certified mail, return receipt signed by the defendant, or someone authorized to receive mail at the residence or principal place of business of the defendant?. Either the clerk or an attorney of record may mail the certified mail, the cost of which is in addition to the filing fee.
Committee Notes
1978 Amendment. Present rule provides for certified or registered mail. Certified mail has not been satisfactory since the Postal Service does not deliver to the defendant in all cases.
1984 Amendment. Mail service is allowed on persons authorized to receive mail for the defendant similar to substituted service by the sheriff on a resident of the defendant’s abode. The proposal clarifies the rule that service by mail is not available for out-of-state defendants.
1992 Amendment. The committee has found that most jurisdictions forward the summons and complaint for service by certified mail rather than registered mail. Therefore, the rule is changed to conform to the custom and to be more in keeping with the other service requirements that are required by certified mail as opposed to registered mail.
*407 1996 Amendment. The rule is being modified to exclude Fla. R. Civ. P. 1.070(i) because Small Claims Rule 7.110(e) provides for dismissal of a claim for failure to prosecute after 6 months of inactivity.
Courtis Commentary
1972 Amendment. The payment of costs of service by certified or registered mail from the filing fee is authorized by section 34.041(1), Florida Statutes; chapter 72^04, Laws of Florida.
RULE 7.080. SERVICE OF PLEADINGS AND PAPERS OTHER THAN STATEMENT OF CLAIM
(a) When Required. Copies of all pleadings and papers subsequent to the notice to appear, except applications for witness subpoenas and orders and judgments entered in open court, shall be served on each party. One against whom a default has been entered is entitled to be served only with pleadings asserting new or additional claims.
(b) How Made. When a party is represented by an attorney, service of papers other than the statement of claim and notice to appear shall be made on the attorney unless the court orders service to be made on the party. Service shall be made by delivering the paper to the party or the party’s attorney, as the case may be, or by mailing it to the party’s last known address.
(c) Filing. All original pleadings and papers shall be filed with the court either before service or immediately thereafter. The court may allow a copy to be substituted for the original of any document.
(d) Filing with the Court Defined. The filing of papers with the court as required by these rules is made by filing them with the clerk, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and transmit them to the clerk, and the clerk shall file them as of the same date they were filed with the judge.
(e)Certificate of Service.
(1) When any party or attorney in substance certifies:
“I certify that a copy hereof has been furnished to (here insert name or names and address or addresses) by (delivery) (mail) this..,. day of ., 19.... on.... (date)....
Party or party’s attorney”
the certificate is prima facie proof of such service in compliance with all rules of court and law.
(2) When any paper is served by the clerk, a docket entry shall be made showing the mode and date of service. Such entry is sufficient proof of service without a separate certificate of service.
(f)When Unrepresented Party Fails to Show Service. If a party who is not represented by an attorney files a paper that does not show service of a copy on all other parties, the clerk shall serve a copy of it on all other parties.
CourUs Commentary
1972 Amendment. Subdivisions (a), (b), (c), (d), and (e) are substantially the same as Florida Rule of Civil Procedure 1.080(a), (b), (d), (e), and (f).
RULE 7.090. APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATE
(a) Appearance. On the date and time appointed in the notice to appear, the plaintiff and defendant shall appear personally or by counsel.
(b) Notice to Appear; Pretrial Conference. The summons/notice to appear shall specify that the initial appearance shall be for a pretrial conference. The initial pretrial conference shall be set by the clerk *408 not more than 35 days from the date of the filing of the action. At the pretrial conference, all of the following matters shall be considered:
(1) The simplification of issues.
(2) The necessity or desirability of amendments to the pleadings.
(3) The possibility of obtaining admissions of fact and of documents that avoid unnecessary proof.
(4) The limitations on the number of witnesses.
(5) The possibilities of settlement.
(6) Such other matters as the court in its discretion deems necessary.
Form 7.322 shall and form 7.323 may be used in conjunction with this rule.
(c) Defensive Pleadings. Unless required by order of court, written pretrial motions and defensive pleadings are not necessary. If filed, copies of such pleadings shall be served on all other parties to the action at or prior to the pretrial conference or within such time as the court may designate. The filing of a motion or a defensive pleading shall not excuse the personal appearance of a party or attorney on the initial appearance date (pretrial conference).
(d) Trial Date. The court shall set the case for trial not more than 60 days from the date of the pretrial conference. At least 10 days’ notice of the time of trial shall be given. The parties may stipulate to a shorter or longer time for setting trial with the approval of the court. This rule does not apply to actions to which chapter 51, Florida Statutes, applies.
(e) Waiver of Appearance at Pretrial Conference. Where all parties are represented by an attorney, counsel may agree to waive personal appearance at the initial pretrial conference, if a written agreement of waiver signed by all attorneys is presented to the court prior to or at the pretrial conference. The agreement shall contain a short statement of the disputed issues of fact and law, the number of witnesses expected to testify, an estimate of the time needed to try the case, and any stipulations of fact. The court shall forthwith set the case for trial within the time prescribed by these rules.
(f) Appearance at Mediation. In small claims actions, an attorney may appear on behalf of a party at mediation if the attorney has full authority to settle without further consultation. Unless otherwise ordered by the court, a nonlawyer representative may appear on behalf of a party to a small claims mediation if the representative has the party’s signed written authority to appear and has full authority to settle without further consultation. In either event, the party need not appear in person.
(g) Agreement. Any agreements reached as a result of small claims mediation shall be written in the form of a stipulation. The stipulation may be entered as an order of the court.
Committee Notes
1972 Amendment. Rule 7.120 is incorporated in subdivision (c). It is slightly expanded to provide for a computation period from service by mail and to give the parties the right to stipulate to a shorter time for the trial.
1984 Amendment. This change requires the use of a pretrial procedure and requires both parties to attend the pretrial conference which can be used to resolve pretrial motions. The use of a pretrial previously varied from county to county.
1988 Amendment, (b) 1st sentence— Chair’s clarification.
2nd sentence — Require the clerk to set the initial pretrial conference within a reasonable time after filing of the action tak *409 ing into consideration the fact that the time standards guideline for small claims cases is 95 days.
3rd sentence — State within the small claims rules what matters shall be considered at the pretrial conference rather than by reference to Florida Rule of Civil Procedure 1.220(a), which has been amended several times and is generally not applicable to small claims cases.
4th sentence — Direct that new form 7.322 shall and that new form 7.323 may be used statewide.
(c) Clarifies that a personal appearance is required at the pretrial conference when a defense motion is filed.
(e) Adds a provision for waiving counsel’s appearance at the pretrial conference where all parties are represented by counsel.
RULE 7.100. COUNTERCLAIMS, SET-OFFS, THIRD-PARTY COMPLAINTS, TRANSFER WHEN JURISDICTION EXCEEDED
(a) Compulsory Counterclaim. Any claim of the defendant against the plaintiff, arising out of the same transaction or occurrence which is the subject matter of the plaintiffs claim, shall be filed not less than 5 days prior to the initial appearance date (pretrial conference) or within such time as the court designates or it is deemed to be abandoned.
(b) Permissive Counterclaim. Any claim or setoff of the defendant against the plaintiff, not arising out of the transaction or occurrence which is the subject matter of the plaintiffs claim, may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court.
(c) How Filed. Counterclaims and set-offs shall be filed in writing. If additional time is needed to prepare a defense, the court may continue the action.
(d) Transfer When Beyond Jurisdiction. When a counterclaim or setoff exceeds the jurisdiction of the court, it shall be filed in writing before or at the hearing, and the action shall then be transferred to the court having jurisdiction thereof. As evidence of good faith, the counterclaimant shall deposit a sum sufficient to pay the filing fee in the court to which the case is to be transferred with the counterclaim, which shall be sent with the record to the court' to which transferred. Failure to make the deposit waives the right to transfer.
(e) Third-Party Complaints. A defendant may cause a statement of claim to be served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiffs claim against the defendant. A defendant must obtain leave of court on motion made at the initial appearance date (pretrial conference) and must file the third-party complaint within such time as the court may allow. The clerk shall schedule a supplemental pretrial conference, and on the date and time appointed in the notice to appear the third-party plaintiff and the third-party defendant shall appear personally or by counsel. If additional time is needed for the third-party defendant to prepare a defense, the court may continue the action. Any party may move to strike the third-party claim or for its severance or separate trial. When a counterclaim is asserted against the plaintiff, the plaintiff may bring in a third-party defendant under circumstances that would entitle a defendant to do so under this rule.
Committee Notes
1988 Amendment. Provides for and authorizes third-party claims so that all is *410 sues may be addressed and resolved. Also provides for a title change.
RULE 7.110. DISMISSAL OF ACTIONS
(a) Voluntary Dismissal; Effect Thereof.
(1) By Parties. Except in actions where property has been seized or is in the custody of the court, an action may be dismissed by the plaintiff without order of court (A) by the plaintiff informing the defendant and clerk of the dismissal before the trial date fixed in the notice to appear, or before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated, the dismissal is without prejudice, except that a dismissal operates as an adjudication on the merits when a plaintiff has once dismissed in any court an action based on or including the same claim.
(2) By Order of the Court; If Counterclaim. Except as provided in subdivision (a)(1) of this rule, an action shall not be dismissed at a party’s instance except upon order of the court and on such terms and conditions as the court deems proper. If a counterclaim has been made by the defendant before the plaintiff dismisses voluntarily, the action shall not be dismissed against the defendant’s objections unless the counterclaim can remain pending for independent adjudication. Unless otherwise specified in the order, a dismissal under this subdivision is without prejudice.
(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action has completed the presentation of evidence, any other party may move for a dismissal on the ground that upon the facts and the law the party seeking affirmative relief has shown no right to relief without waiving the right to offer evidence in the event the motion is not granted. The court may then determine them and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.
(c) Dismissal of Counterclaim. The provisions of this rule apply to the dismissal of any counterclaim.
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based on or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court, or otherwise for a period of 6 months shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after 30 days’ notice to the parties, unless a stipulation staying the action has been filed with the court, or a stay order has been filed, or a party shows good cause in writing at least 5 days be *411 fore the hearing on the motion why the action should remain pending.
Committee Notes
1978 Amendment. Former subdivision (e) provided for 1 year rather than 6 months.
1984 Amendment. Subdivision (e) is changed to allow more time for an attorney to inquire about the status of a claim. Many actions are disposed of by a stipulation to pay, and it may take longer than 10 days to determine the amount due, if any.
1996 Amendment. Subdivision (e) is amended to be consistent with Fla. R. Civ. P. 1.420(e), which includes specific language concerning a stipulation staying the action approved by the court or a stay order as a condition when an action would not automatically be up for dismissal based on lack of prosecution.
CourRs Commentary
1972 Amendment. Substantially the same as Florida Rule of Civil Procedure 1.420.
RULE 7.135. SUMMARY JUDGMENT-DISPOSITION
At pretrial conference or at trialany subsequent hearing, if there is no triable issue, the court shall summarily enter an appropriate order or judgment.
RULE 7.140. TRIAL
(a) Time. The trial date shall, be set by the court at the pretrial conference.
(b) Determination. Issues shall be settled and motions determined summarily.
(c) Pretrial. The pretrial conference should narrow contested factual issues. The case may proceed to trial with the consent of both parties.
(d) Settlement. At any time before judgment, the judge shall make an effort to assist the parties in settling the controversy by conciliation or compromise.
(e) Unrepresented Parties. In an effort to farther the proceedings and in the interest of securing substantial justice, the court shall assist any party not represented by an attorney on:
(1) courtroom decorum; and
(2) order of presentation of material evidence.
The court may not instruct any party not represented by an attorney on accepted rules of law. The court shall not act as an advocate for a party.
(f) How Conducted. The trial may be conducted informally but with decorum befitting a court of justice. The rules of evidence applicable to trial of civil actions apply but are to be liberally construed. At the discretion of the court, testimony of any party or witness may be presented over the telephone. Additionally, at the discretion of the court an attorney may represent a party or witness over the telephone without being physically present before the court.
Committee Notes
1984 Amendment, (a) Changed to conform this. rule with the requirement for pretrials.
(c) Allows the cases to proceed to trial with consent of the parties.
(f) This is similar to the proposed amendment to the Florida Rules of Civil Procedure to allow depositions by telephone. Since the court has discretion to allow this testimony, all procedural safeguards could be maintained by the court. Since the court is also the trier of fact, the testimony could be rejected if unreliable.
1988 Amendment. Extends the taking of testimony over the telephone1 to include parties, deletes the agreement of the parties provision, and adds authorization for an attorney to represent a party or wit *412 ness over the telephone without being physically present before the court.
1996 Amendment. The revised version of subdivision (e) addresses the need to expressly provide that the judge, while able to assist an unrepresented party, should not act as an advocate for that party.
RULE 7.150. JURY TRIALS
Jury trials may be had upon written demand of the plaintiff at the time of the commencement of the suit, or by the defendant within 5 days after service of notice of suit or at the pretrial conference, if any. Otherwise jury trial shall be deemed waived.
Committee Notes
1984 Amendment. The purpose of the cost deposit formerly required was to discourage frivolous demands for jury trials. The committee feels that there should be no distinction between the taxation of costs in a $300 claim and a $3,000 claim. RULE 7.160. FAILURE OF PLAINTIFF OR BOTH PARTIES TO APPEAR
(a) Plaintiff. If plaintiff fails to appear on the.return dateinitial appearance date (pretrial conference), or fails to appear at trial, the action may be dismissed for want of prosecution, defendant may proceed to trial on the merits, or the action may be continued as the judge may direct.
(b) Both Parties. If both parties fail to appear, the judge may continue the action or dismiss it for want of prosecution at that time or later as justice requires. RULE 7.170. DEFAULT; JUDGMENT
(a) Default. If the defendant does not appear at the scheduled time, the plaintiff is entitled to a default to be entered by either the judge or clerk.
(b) Final Judgment. After default is entered, the judge shall receive evidence establishing the damages and enter judgment in accordance with the evidence and the law. The judge may inquire into and prevent abuses of venue prior to entering judgment.
CourUs Commentary
1972 Amendment. Evidence may be by testimony, affidavit, or other competent means.
1980 Amendment. By the amendment to this rule, the judge is permitted to ensure by any means which the judge deems appropriate that venue is not being abused.
RULE 7.221. HEARING IN AID OF EXECUTION
(a) Use of Form 7.343. In any final judgment, the judge shall include the Optional-Enforcement Paragraph of form 7.340 if requested by the prevailing party or attorney. In addition to the forms of discovery available to the judgment creditor under Fla. R. Civ. P. 1.560, the judge, at the request of the judgment creditor or the judgment creditor’s attorney, shall order a judgment debtor to complete form 7.343 within 30 days of the order or other such reasonable time determined by the court. If the judgment debtor fails to obey the order, Fla. R. Civ. P. Form 1.982 may be used in conjunction with this subdivision of this rule.
(b) Purpose of Hearing. The judge, at the request of the judgment creditor, shall order a judgment debtor to appear at a hearing in aid of execution at a time certain 30 or more days from the date of entry of a judgment for the purpose of inquiring of the judgment debtor under oath as to earnings, financial status, and any assets available in excess of exemptions to be applied towards satisfaction of judgment. The provisions of this subdivision of this rule shall only apply to a judgment creditor who is a natural person and was not represented by an attorney prior to judgment. Forms 7.342, 7.343, *413 and 7.344 shall be used in connection with this subdivision of this rule.
Committee Notes
1988 Amendment. Provides a procedure for postjudgment, court-assisted discovery for natural person judgment creditors, unrepresented by counsel prior to judgment.
1996 Amendment. The purpose of the change is to make form 7.343 (Fact Information Sheet) available for use by both a party and the party’s attorney, even though the hearing in aid of execution is not available to the attorney., The rule will allow the court to include the order as part of the final judgment or to issue the order after the judgment. The court may adjust the time allowed for the response to the Fact Information Sheet to fit the circumstances.
FORM 7.322. SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE (CAPTION)
STATE OF FLORIDA — NOTICE TO PLAINTIFF(S) AND DEFENDANTS(S) YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the_ in Courtroom #_, located at_, on the day of , 19 (date) ..., at_m., for a PRETRIAL CONFERENCE before a judge of this court.
IMPORTANT — READ CAREFULLY
THE CASE WILL NOT BE TRIED AT THAT TIME.
DO NOT BRING WITNESSES— APPEAR IN PERSON OR BY ATTORNEY
The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiffls) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.
The purpose of the pretrial conference is to record your’ appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to_ explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.
If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.
RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, *414 where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.
If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiffisCs’) attorney, if any.
A copy of the statement of claim shall be served with this summons.
DATED at _, Florida, on ,19=.:l-..=_(date) As Clerk of the County Court
FORM 7.323. PRETRIAL CONFERENCE ORDER AND NOTICE OF TRIAL
IN THE COUNTY COURT FOR_COUNTY,
FLORIDA CIVIL DIVISION
CASE NO_
- by self
- by agent _
Plaintiff Telephone_ _ by attorney _
vs.
- by self
- by agent _
Defendant Telephone_ _ by attorney _
PRETRIAL CONFERENCE ORDER AND NOTICE OF TRIAL
1.DEFENDANT: ISSUES:
- denies liability and damages _ Liability and
damages
- admits liability — denies damages _ Liability only
- granted - days to file a counterclaim and/or _ Damages only
third-party complaint
- advised of probable need for expert testimony from
2. WITNESSES (total)
-Plaintiff -Defendant - Parties advised of availability of subpoena power
3. EXHIBITS, DOCUMENTS, AND TANGIBLE EVIDENCE
Plaintiff-- Parties instructed that
———- they must permit inspection after notice or furnish copies to opposite party within _ days:
Defendant- -Witnesses’ names
---- and addresses
*415 _ Documents and things to be used at trial
4. DISCOVERY MAY BE HAD IN ACCORDANCE WITH SMALL CLAIMS RULE 7.020.
5. STIPULATION OR OTHER:
TRIAL DATE: ,19 (date) , at_m., for-hour(s)
PLACE: _ County Courthouse, _, Courtroom No. _, _, FL
JUDGE:_, Telephone No.:_ ORDERED ON, ._,lft= (date)
IMPORTANT — TURN OVER AND READ TRIAL INSTRUCTIONS ON REVERSE SIDE.
RECEIVED FOR: _ _ For Plaintiff For Defendant
[The following instructions are to be placed on the reverse side of the order and notice of trial.]
IMPORTANT — READ CAREFULLY! YOU HAVE NOW ATTENDED A PRETRIAL CONFERENCE ON A SMALL CLAIMS ACTION. THIS WILL BE THE ONLY NOTICE YOU WILL RECEIVE CONCERNING YOUR TRIAL DATE AND WHAT YOU NEED TO DO TO PREPARE FOR YOUR TRIAL. DO NOT LOSE THIS ORDER AND NOTICE OF TRIAL. YOU ARE NOW SCHEDULED FOR A TRIAL AS LISTED ON THE REVERSE SIDE OF THIS PAPER. MAKE SURE YOU ARE AWARE OF ALL OF THE FOLLOWING:
1. NONJURY TRIAL — You are now scheduled for a nonjury trial before a county court judge.
2. TRIAL DATE — Do not forget your trial date. Failure to come to court on the given date at the right time may result in your losing the case and the other party winning.
3. EXCHANGE OF DOCUMENTS AND INFORMATION — If the judge told you to submit any documents or give any information to the other party (such as a list of your witnesses’ names and addresses), DO IT. Failure to do this as directed by the judge may cause court sanctions against you such as extra court costs, contempt of court, or delays.
4.COUNTERCLAIMS — If you are the plaintiff and you have been given a written notice that a counterclaim has been filed against you in this lawsuit, this means that you are now being sued by the defendant. Also, if at the pretrial conference the judge allowed the defendant a certain number of days to file a counterclaim, the defendant must file that counterclaim within that number of days from the date of this pretrial conference order. If the defendant does that, the defendant has a claim now pending against you. If, at the time of the trial, the counterclaim has been properly filed, there are 2 lawsuits being considered by the judge at the same time: the plaintiffs suit against the defendant and the defendant’s suit against the plaintiff. In the event that both claims are settled by the parties, both parties should notify *416 the Clerk of the County Court, Civil Division, _, IN WRITING, of the settlement. Only after both the plaintiff and the defendant have notified the clerk in writing of the settlement is it not necessary for the parties to appear in court. Settlement of one claim, either the plaintiffs claim against the defendant or the defendant’s claim against the plaintiff, has no effect as to the other claim, and that remaining claim will proceed to trial on the trial date listed on the pretrial conference order.
5. THIRD-PARTY COMPLAINTS — If you are the defendant and you believe that the plaintiff may win the suit against you, but, if the plaintiff does, someone else should pay you so you can pay the plaintiff, then you must file a third-party complaint against that person and serve that person with notice of your claim. Once served, that person must appear in court as you have to answer your complaint against that person. This must be done prior to trial within the time allowed you by the judge.
6. TRIAL PREPARATION — Bring all witnesses and all documents and all other evidence you plan to use at the trial. There is only one trial! Have everything ready and be on time. If the judge advised you at the pretrial conference hearing that you needed something for the trial, such as an expert witness (an automobile mechanic, an automobile body worker, a carpenter, a painter, etc.) or a particular document (a note, a lease, receipts, statements, etc.), make sure that you have that necessary person or evidence at the trial. Written estimates of repairs are usually not acceptable as evidence in court unless both parties agree that the written estimates are proper for the judge to consider or unless the person who wrote the estimates is present to testify as to how that person arrived at the amounts on the estimates and that those amounts are reasonable in that particular line of business.
7. COURT REPORTER AND APPEALS — Your nonjury trial will not be recorded. If you wish a record of the proceedings, a court reporter is necessary. To obtain a court reporter to record your final hearing, you must immediately contact the official court reporter, _, Florida _, Phone (_)_The cost to secure the presence of a court reporter is a minimum of $_for the first one-half hour or any portion thereof and $_per each additional half hour or portion thereof. To have the record of the proceeding transcribed, the cost is $_per page for the original and_per page for each copy. Payment for the court reporter’s appearance must be made in advance to_, the official court reporter. Appeals to a higher court because you are not satisfied with the outcome of the trial are governed by special rules. One of these rules requires that the appellate court have a complete record of the trial to review for errors. If you do not have a court reporter at your trial, your chances for success on appeal will be severely limited.
8. SETTLEMENT — If all parties agree on settlement of all claims before trial, each party must notify the judge by telephone so that the allotted trial time may be reassigned to someone else. Immediately thereafter, the parties must, in writing, notify the clerk of the settlement, and the court will thereafter dismiss the case. The mailing address is: Clerk of the County Court, Civil Division,_
*417 9. ADDRESS CHANGES — All changes in mailing addresses must be furnished in writing to the clerk and to the opposing party.
10. ADDITIONAL PROBLEMS — For anything you do not understand about the above information and for any additional questions you may have concerning the preparation of your case for trial, please contact the Clerk of the County Court, Civil Division, in person or by telephone (_)The clerk is not authorized to practice law and therefore cannot give you legal advice on how to prove your case. However, the clerk can be of assistance to you in questions of procedure. If you need legal advice, please contact an attorney of your choice. If you know of none, call the _ County Bar Association, Lawyer Referral Service, for assistance, (_)_
FORM 7.331. STATEMENT OF CLAIM (FOR GOODS SOLD)
(CAPTION)
STATEMENT OF CLAIM
Plaintiff, A.B., sues defendant, C.D., and alleges: There is now due, owing, and unpaid from defendant to plaintiff $- with interest since ■. 19 .(date) , for the following goods sold and delivered by plaintiff to defendant between . .,- 19 .(date) , and .. 19 _(date)_:
(list goods and prices and any credits)
WHEREFORE, plaintiff demands judgment for damages against defendant.
FORM 7.332. STATEMENT OF CLAIM (FOR WORK DONE AND MATERIALS FURNISHED)
(CAPTION)
STATEMENT OF CLAIM
Plaintiff, A.B., sues defendant, C.D., and alleges: There is now due, owing, and unpaid from defendant to plaintiff $_ with interest since 19.— -(date) , for the following items of labor and materials furnished to defendant at his/her request between , 19— (date) , and .--¶ 19 ■ -(date)_:
(list time and materials, showing charges therefor and any credits)
WHEREFORE, plaintiff demands judgment for damages against defendant.
FORM 7.333. STATEMENT OF CLAIM (FOR MONEY LENT)
(CAPTION)
STATEMENT OF CLAIM
Plaintiff, A.B., sues defendant, C.D., and alleges: There is now due, owing, and unpaid from defendant to plaintiff $_ for money lent by plaintiff to defendant on , 19 (date) , with interest thereon since 19 ■■■ _(date)
WHEREFORE, plaintiff demands judgment for damages against defendant.
FORM 7.334. STATEMENT OF CLAIM (PROMISSORY NOTE)
(CAPTION)
STATEMENT OF CLAIM
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that do not exceed the sum of $_(insert jurisdictional amount of court).
2. On _ , 19_ _(date)-, defendant executed and delivered to plaintiff a promissory note, a copy being attached, in_County, Florida.
3. Defendant failed to pay
*418 (a) said note when due; or
(b) the installment payment due on said note on -. , 19_= (date) , and plaintiff elected to accelerate payment of the balance.
4. There is now due, owing, and unpaid from defendant to plaintiff $_on said note with interest since - , 19 -(date)
5. Plaintiff has obligated himselfiher-self to pay his/her attorneys a reasonable fee for their services in bringing this action.
WHEREFORE, plaintiff demands judgment for damages against defendant.
Committee Notes
1972 Amendment. Attach copy of note to each copy of the statement of claim. Use 3(a) or (b) and 5 as applicable.
FORM 7.340. FINAL JUDGMENT
(CAPTION)
FINAL JUDGMENT AGAINST (DEFENDANT(S)’S NAME)
It is adjudged that the plaintiff(s), -, recover from the defendant(s), _, the sum of $_on principal, $- as prejudgment interest, $_for attorneys’ fees, with costs of $_, all of which shall bear interest at the rate of_% for the current year and thereafter at the prevailing rate per year as provided for by Florida Statute, for all of which let execution issue.
ORDERED at_, Florida, on , 19 (date)
County Court Judge Copies furnished to: PLAINTIFF(S) DEFENDANT(S) Plaintiff(s)’s address:
Defendant(s)’s last known address and Social Security Number (if known):
(OPTIONAL ENFORCEMENT PARAGRAPH —TO BE INCLUDED UPON REQUEST PURSUANT TO RULE 7.221)
It is further ordered and adjudged that the defendant(s) shall complete Florida Small Claims Rules Form 7.343 (Fact Information Sheet) and return it to the plaintiffs attorney, or to the plaintiff if the plaintiff is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or a motion for new trial or notice of appeal is filed.
Jurisdiction of this case is retained to enter further orders that are proper to compel the defendants) to complete form 7.343 and return it to the plaintiffs attorney, or the plaintiff if the plaintiff is not represented by an attorney.
Committee Notes
1992 Amendment. The optional enforcement paragraph was added to facilitate discovery.
FORM 7.341. EXECUTION
(CAPTION)
EXECUTION
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE HEREBY COMMANDED to levy on the goods and chattels, lands, and tenements of_in the sum of $_with legal interest thereon from =..,■ 19 _(date).. , until paid *419 and that you have this writ before the court when satisfied.
WITNESS my hand and the seal of the court on , 19- ■ -(date) .— (SEAL) Clerk of the Court
FORM 7.342. EX PARTE MOTION AND ORDER FOR HEARING IN AID OF EXECUTION
(CAPTION)
EX PARTE MOTION FOR HEARING IN AID OF EXECUTION
The judgment creditor,-, pursuant to Florida Small Claims Rule 7.221, moves for an order requiring the judgment debtor(s),_, to appear at a hearing in aid of execution for the purpose of examining the judgment debtor(s) regarding his/her/their ability to satisfy the final judgment entered in this cause and requiring the judgment debtor(s) to complete a FACT SHEET and bring it to the hearing in aid of execution.
Judgment Creditor
ORDER FOR HEARING IN AID OF EXECUTION
IT IS ORDERED AND ADJUDGED that the judgment debtor(s), _,
Address:_, shall:
1. appear before Judge_on fee---day-of- ,■ Iff .- .(date)._, at _ o’clock __m., in Courtroom _, located at: _, _, Florida, to be examined as to the judgment debt- or(’s)(s’) ability to satisfy the final judgment entered in this cause; and
2. bring to the hearing all documents and papers that relate to the judgment debtor(’s)(s’) financial condition and the completed, notarized fact sheet attached hereto.
Judgment debtor(’s)(s’) failure to comply with this order shall be grounds for contempt.
ORDERED at_, Florida, on , 19 (date) County Court Judge
FORM 7.343. FACT INFORMATION SHEET
(CAPTION)
FACT INFORMATION SHEET
Full Legal Name: -----
Nicknames or Aliases: --- — —
Residence Address: --- — -—-
Mailing Address (if different): ----
Telephone Numbers: (Home)-(Business)-
Name of Employer: - — -—-—-
Address of Employer: - — ---
Position or Job Description: -
Rate of Pay: $_ per_Average Paycheck: $- per -
Average Commissions or Bonuses: $_per-Commissions or bonuses
are based on-. — ——-
Other Personal Income: $_from--
(Explain details on the back of this sheet or an additional sheet if necessary.)
Social Security Number: _Birthdate: -
Driver’s License Number: .---—
Marital Status: _Spouse’s Name: -
*420 Spouse’s Address (if different): _
Spouse’s Social Security Number: _Birthdate: _
Spouse’s Employer: _
Spouse’s Average Paycheck or Income: $_per_
Other Family Income: $_per_(Explain details on back of this sheet or an additional sheet if necessary.)
Names and Ages of All Your Children (and addresses if not living with you): _
Child Support or Alimony Paid: $_per_
Names of Others You Live With: _
Who is Head of Your Household?_You_Spouse_Other Person
Checking Account at: _Account # _
Savings Account at:_Account #_
(Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or an additional sheet if necessary.)
For Real Estate (land) You Own or Are Buying:
Address: _
All Names on Title:_
Mortgage Owed to: _
Balance Owed: _
Monthly Payment: $_
(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)
For All Motor Vehicles You Own or Are Buying:
_Year/Make/Model: _ Color: _
Vehicle ID #: _Tag No: _Mileage: _
Names on Title: _Present Value: $_
Loan Owed to: _
Balance on Loan: $_
Monthly Payment: $_(List all other automobiles, as well as other vehicles,
such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or an additional sheet if necessary.) Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year? If your answer is “yes,” describe the property and sale price, and give the name and address of the person who received the property.
Does anyone owe you money? Amount Owed: $.
Name and Address of Person Owing Money: _
Reason money is owed: _
Please attach copies of the following:
a. Your last pay stub.
b. Your last 8 statements for each bank, savings, credit union, or other finan-dal account
*421 c. Your motor vehicle registrations and titles.
d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting. UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.
Judgment Debtor
STATE OF FLORIDA COUNTY OF_
The foregoing instrument was acknowledged before me this .. __day of _ ,. 19 ..on_„(date) , by _, who is personally known to me or has produced_ as identification and who _did/did not_take an oath.
WITNESS my hand and official seal, this — -—day—e£— —19. ^on (date) Notary Public State of Florida
My Commission expires:_
MAIL OR DELIVER THIS FORM TO THE CLERK OF THE COURT, AND MAIL OR DELIVER A COPY OF THE COMPLETED FORM TO THE JUDGMENT CREDITOR OR THE CREDITOR’S ATTORNEY.
FORM 7.344. ORDER TO SHOW CAUSE
(CAPTION)
ORDER TO SHOW CAUSE
IN THE NAME OF THE STATE OF FLORIDA:
TO:
YOU ARE HEREBY COMMANDED TO APPEAR before this court on the. day of , 19- (date)_., at _m., in Courtroom _ at the _ County Courthouse, Address: _ ,_, Florida, to show cause, if any, why you should not be adjudged in contempt of court for your failure to appear in court on the.. day of , 19 (date) , at_m., as required by the court’s order issued on the day-of , 19 _(date) ., for a hearing in aid of execution. ORDERED at_, Florida, on ,1-9 ... (date) .
County Court Judge
FORM 7.345. STIPULATION FOR INSTALLMENT SETTLEMENT AND STAY AND, ORDER APPROVING STIPULATION, AND DISMISSAL
(CAPTION)
STIPULATION FOR INSTALLMENT SETTLEMENT AND-STAY- AND, ORDER APPROVING STIPULATION, AND DISMISSAL
Plaintiff and defendant(s), by the signatures below, stipulate that defendant(s) is/ are indebted to plaintiff in the sum of $_, plus court costs of $_, interest of $_, and attorneys’ fees of $_, which defendant(s) agree(s) to pay in installments of $_, the first of such payments to be due on the- .... day of ,19...._(date) , and continuing each_until paid in full. If the total sum is paid timely and in full, plaintiff agrees that no judgment shall be entered against the defendant(s), and that additional costs, interest, and attorneys’ fees, if any, shall be waived. If the defendants) shall default in payment hereunder, plaintiff shall be entitled to judgment, execution, costs, interest at the rate pro *422 vided by law, and attorneys’ fees, after written application to the court, without notice. Defendant(s) acknowledge(s) delivery of a true copy hereof at_, _ County, Florida. ALL PAY-
[[Image here]]
ORDER S-TAYINGDISMISSING CAUSE AND APPROVING STIPULATION
On the foregoing stipulation signed, delivered, and confirmed at _ County, Florida, further proceedings in this-eause are-stayed pending notice from plaintiff that the stipulation -has been fulfilled- or violatedthe cause is dismissed. This court retains jurisdiction to enforce the terms of this stipulation,.
ORDERED at_, Florida, this ■--day-of- ,-19— on (date) County Court Judge
Conformed copies furnished by hand delivery to:
PlaintiffAttorney for Plaintiff Defendant(s)
Committee Notes
1992 Adoption. Many parties and attorneys litigate in various jurisdictions in the state, and the committee felt that a standard form for settlement would be much more convenient for the litigants and the court system.
MENTS ARE TO BE MADE PAYABLE TO: _, and mailed or delivered to:_
TIME IS OF THE ESSENCE IN THIS AGREEMENT.
[[Image here]]
1996 Amendment. This form has been modified to reflect recent changes in the statutory rate of interest calculated on final judgment amounts.

. The Committee’s proposal to implement a simplified answer system was encompassed in changes throughout rules 7.050, 7.060, 7.080, 7.090, and 7.170; new proposed rules 7.065 and 7.085; form 7.332; and new proposed forms 7.332 and 7.325. As discussed below, we decline to adopt these proposed amendments at this time.

. We also express our thanks to those who filed comments and participated in oral argument in this case. Without the input of the Committee and other participants, this Court would be unable to efficiently and effectively evaluate the changing needs of our courts. In this case, however, we are particularly concerned that the interested parties who have now appeared and raised legitimate concerns were not involved in the Committee's deliberative process.

. This rule presently provides that service of process on Florida residents may be effectuated by certified mail, but does not indicate whether attorneys are authorized to send the certified mail. The Florida Rules of Civil Procedure permit a plaintiff to send certified mail to a defendant when requesting a waiver of service of a summons, see Fla. R. Civ. P. 1.070(i), and several statutes permitting the use of certified or registered mail indicate that a plaintiff's attorney may send the certified mail. See generally, § 48.161(a), Florida Statutes (1999) (plaintiff's attorney may send certified mail for the purpose of notifying nonresident of substitute service); § 48.194(2), Florida Statutes (1999) (plaintiff’s attorney may send registered mail to serve process on out of state defendant in in rem or quasi in rem proceeding in foreclosure action). In light of these authorities, we conclude that attorneys should be permitted to send certified mail to effectuate service of process in small claims cases.

. We also adopt the proposed amendment to the title of this form to read: "Stipulation for Installment Settlement, Order Approving Stipulation, and Dismissal.”

. We adopt without discussion all of the Committee’s technical and editorial proposals encompassed in rules 7.010, 7.020, 7.040, 7.050, 7.060, 7.070, 7.080, 7.100, 7.110, 7.135, 7.140, 7.150, 7.160, 7.170, 7.221 and forms 7.323, 7.331, 7.332, 7.333, 7.334, 7.340, 7.341, 7.342, 7.343, 7.344, and 7.345. These amendments, as well as some minor alterations we have included to forms 7.332 and 7.340, are reflected in the attached appendix.